ANDERSON, Respondent, v. NORVELL-SHAPLEIGH HARDWARE COMPANY, Garnishee of Miles Anderson, Defendant; MILES M. ANDERSON, Interpleader, Appellant.

St. Louis Court of Appeals, November 17, 1908.

EXEMPTIONS: Divorce and Alimony. The provisions of section 3159, Revised Statutes 1899, allowing certain exemptions from execution to a head of a family, do not apply to a judgment for alimony as an incident to a divorce in favor of the wife. Section 4327a, Annotated Statutes 1906, excepts from the exemption an execution upon such a decree.

Appeal from St. Louis City Circuit Court.—*Hon. Jas. E. Withrow*, Judge.

AFFIRMED.

*W. G. Schofield* for interpleader, appellant.

*Chas. Fensky & Irwin Ossing* for respondent.

BLAND, P. J.—On June 21, 1906, plaintiff obtained a decree divorcing her from the bonds of matrimony theretofore contracted with defendant, Miles M. Anderson, custody of their minor child and allowance of $25 per month as alimony, payable on the fifteenth day of each and every month thereafter. Defendant defaulted in the payment of alimony for the months of February and March, 1907, and execution was issued. The Norvell-Shapleigh Hardware Company was summoned as garnishee. The garnishee appeared and in answer to interrogatories, stated defendant was in its employ at a wage of $75 per month, and that it was indebted to him as follows:

"$37.50 on April 15th for wages or salary due him from April 1st to April 15th, 1907.

"37.50 due him on May 30, 1907, for wages or salary due him from April 15th, to April 30, 1907.

"$37.50 due him May 15th, for wages or salary due him from May 1, 1907, to May 15, 1907.

"37.50 due him on May 31, 1907, for wages or salary due him from May 15th to May 31st, and

"$16.32 due him from June 1st to and including June 7, 1907."

And then set up that defendant was a married man, the head of a family and a resident of the State of Missouri, and that the wages due him, except ten per cent thereof, were exempt from execution. The court, on the answer, ordered the garnishee to pay into court $100, installments of alimony due plaintiff for

the months of February, March, April and May, 1907, and $6.75 costs. The garnishee complied with the order of the court, wherefore Miles M. Anderson interpleaded for the sum, less $16.73, ten per cent of the amount of wages owing him by the garnishee, alleging that he was a resident of the State of Missouri, a married man and the head of a family. A verbal demurrer was interposed to the interplea which was sustained and judgment entered that defendant take nothing by his interplea, from which judgment he appealed.

On the record as thus presented, the sole question for decision is whether a married man, the head of a family and a resident of this State is entitled to claim exemptions allowed under the provisions of section 3162, Revised Statutes 1899, as amended in 1903 (sec. 3162, Mo. Ann. St. 1906) against an execution issued on a judgment for alimony. The section as amended reads as follows:

"Each head of a family, at his election, in lieu of the property mentioned in the first and second subdivision of section 3159, may select and hold, exempt from execution, any other property, real, personal or mixed, or debts and wages, not exceeding in value the amount of $300, except 10 per cent of any debt, income, salary or wages due such head of a family."

The section is general and contains no exceptions. But section 4327a, enacted in 1903, as a new section to chapter 51 entitled "Married women" provides as follows:

"No property shall be exempt from attachment or execution in a proceeding instituted by a married woman for maintenance, nor from attachment or execution upon a judgment or order issued to enforce a decree for alimony. And all wages due to the defendant shall be subject to garnishment on attachment or execution in any proceedings mentioned in this section, whether said wages are due from the garnishee to the defendant for the last thirty days' service or not."

1. It is conceded by defendant that this section takes away the exemption right as granted by section 3162, where the proceedings are brought under the provisions of section 4327, chap. 51, Revised Statutes 1899, and the wife has recovered a judgment against her husband for support. But defendant contends that the section does not extend the exception to an execution for alimony allowed in a divorce suit. The first clause of the section is sufficient to enact the exception to exemptions on any attachment or execution on an order or judgment against the husband for the maintenance of his wife, hence the second clause is redundant and is surplus matter, unless it was the intention of the law makers to embrace in the exception executions on orders and judgments for alimony. Alimony, in its origin, was the method by which the spiritual courts of England forced the duty of maintenance owed by the husband to the wife during such time as they were legally separated. [Manby v. Scott, 2 Sm. Lead. Cas. 502.] In modern jurisprudence it is that allowance which is made to a woman on a decree of divorce for her support out of the estate of her husband. [Adams v. Storey, 11 L. R. A. 790; In re LeClair, 124 Fed. 654; Sheafe v. Sheafe, 24 N. H. 564.] Under the Missouri statute alimony may also be awarded the wife pending the suit for divorce. [Mo. Ann. St. (1906), sec. 2926.] Nowhere in the chapter (51) providing for and regulating the proceedings by a wife for support against her husband, who has abandoned her without good cause and refused to support her, is the order or judgment designated as alimony, nor is the term used anywhere in our statutes, except in chapter 20, entitled "Divorce, Alimony and Custody of Children." There is, therefore no room to otherwise construe the second clause of the section than as applying to attachments and executions on orders and judgments for alimony in divorce suits.

In the case of Long v. Long, 78 Mo. App. 32, cited

and relied on by defendant, it was held that in a suit by the wife against the husband, for maintenance, it was proper to allow the wife a sum for temporary maintenance pending the suit, and, quoting from Harding v. Harding, 144 Ill. 588, the court said: "To refuse to allow her (the wife) a reasonable support *pendente lite* would, in many cases, be to deny her the right to prosecute her suit altogether." Further on, at page 37, the court said: "The cases uniformly hold that temporary maintenance or for absolute divorce." Nowhere in the opinion is a temporary allowance in a suit for maintenance called or designated as alimony, and we repeat, to give the second clause of the statute any force or effect, it must be construed as excepting the operation of the general statute of exemptions on attachments, or executions for alimony in a divorce suit:

2. The exemption statute was approved April 6, 1903. Section 4327a was approved on a prior date, to-wit, March 24, 1903. For the reason the exemption statute was approved at a date subsequent to the approval of section 4327a, it is contended that this section was repealed by the subsequent act. Under the Constitution (art. 4, sec. 36) both acts took effect at the same time, to-wit, ninety days after the day on which the General Assembly that enacted them finally adjourned. Whether this has any bearing on the question or not, the fact remains that the two acts are not repugnant. The one is not inconsistent with the other and both may therefore stand—and should stand. [State ex rel. v. Stratton, 136 Mo. 423; Manker v. Faulhaber, 94 Mo. 430; Curtwright v. Crow, 44 Mo. App. 563.]

3. The argument of the hardship that section 4327a imposes upon defendant and others similarly situated might be of some force, if addressed to the legislative department. It is of no persuasive force when addressed to a court called upon to construe the

statute of which he complains. The hardship, if any, was not created by the law but was brought upon defendant by his own voluntary acts and conduct, and the conduct which brought about the decree of divorce and judgment for alimony against him was wrongful; for this reason he is in no position to complain that the law denies him the exemptions accorded to ordinary debtors. Nor ought he be heard to complain of the burden he has brought upon himself by his misconduct —a violation of his marriage vow. His marital pledge to his wife was that he would support and maintain her so long as they both should live. Why should he be relieved of that burden when his wife has been guilty of no misconduct? His answer is, because he has married another woman and ought not be required to support two families. Why assume the burden of supporting two families, if he was not able, or was unwilling, to discharge it? To use a homely phrase, "he has made his bed(s) and on it he must lie."

The judgment is affirmed. All concur.