Felix GORE, Plaintiff,

v.

GORMAN'S, Incorporated, Jules E. Kohn, Registered Agent, Namrog Investment Company, Inc., Jules E. Kohn, Registered Agent, Judge Harry E. Pearce, Robert Q. Lewis and Sam Kenton, Defendants.

No. 10653.

United States District Court
W. D. Missouri, W. D.

Dec. 19, 1956.

As Amended Dec. 27, 1956.

242

Ray D. Jones, Jr., Kansas City, Mo., for plaintiff.

Jules E. Kohn, Ralph J. Tucker, Solbert M. Wasserstrom, Kansas City, Mo., for defendants.

DUNCAN, Chief Judge.

The plaintiff instituted this suit against the defendants seeking damages in the sum of $50,000 actual damages, and $100,000 punitive damages, for alleged abuse of process. The material facts are not in dispute, and the question for determination is solely one of law. Service was had upon the corporate defendants only, since the individual defendants, being residents of Kansas, are not amenable to process in this district.

Defendant, Gorman's Incorporated, a Kansas corporation, is engaged in the general mercantile business in Missouri and Kansas. Defendant, Namrog Investment Company, Inc., is a subsidiary of Gorman's, Incorporated, and is simply a reversal of the letters in the name "Gorman". It is used by Gorman's, Inc., as the collection agency of its delinquent installment accounts.

Prior to October 26, 1951, the plaintiff owed to the defendant, Gorman's, Inc., an account of $463.46, in consequence of which he executed and delivered to it, a check in the sum of $20 on October 26, 1951. The check, executed in the State of Missouri, drawn upon a Missouri bank and delivered to said defendant in the State of Missouri, was deposited by it in a bank in that state. There were insufficient funds in the drawee bank with which to pay the check, and the amount thereof was not collected by the said defendant, said check being returned. Thereafter, the defendant obtained judgment against the plaintiff in the Magistrate Court of Jackson County, Missouri, on the $463.46 debt, and subsequent thereto, plaintiff filed a voluntary petition in bankruptcy, scheduled this account therein, and was discharged as to his obligation.

It is alleged, and the facts were admitted in oral argument, that on December 11, 1954, said defendant, Gorman's, Inc., acting through its agents and servants, caused a criminal complaint to be filed against the plaintiff in the Justice of the Peace Court of the defendant, Harry E. Pearce, in Wyandotte County, Kansas, charging him with a felony under the laws of the State of Kansas, for drawing the heretofore noted check upon insufficient funds. Pursuant to the issuance of

the complaint, a warrant was issued by the said defendant, and plaintiff was arrested and required to give bond.

It is alleged in the complaint that the said defendant caused the warrant to be issued, and used it for the illegal and improper purpose of attempting to force the plaintiff to pay the debt account described heretofore, which, as has been noted, had been discharged in bankruptcy. Furthermore, it is alleged that Gore refused to pay and discharge the indebtedness, retaining an attorney, and that following his arrest, frequent threats were made upon the plaintiff to pay his discharged obligation, which demands were collateral to the process, and an abuse thereof. Plaintiff, in addition, contends that he was compelled to employ counsel in defense of the action brought against him, and that the court's records show that the amount of the $20.00 check was paid by the plaintiff to Gorman's, Inc., when they were not legally entitled to the proceeds therefrom.

It was contended in arguments and briefs filed by the defendants, that the records of the Justice of the Peace show that plaintiff entered a plea of guilty to the charge on the day prior to the day on which the case was set, and that the records show payment of the check. Plaintiff denies that he ever entered any plea of guilty to said charge, or that he ever paid any sum whatsoever on account of the check, although the records of the Justice of the Peace so show. In an affidavit signed by an officer of Gorman's, Inc., it is stated that Gorman's, Inc., received no part of the alleged payment made on the check.

The defendants, Gorman's, Inc., and Namrog Investment Company, Inc., have filed Motion for Summary Judgment under Rule 56, F.R.Civ.P. 28 U.S.C.A. alleging:

"1. Plaintiff's alleged cause of action is barred by the Statutes of Limitations.

"2. Plaintiff's alleged cause of action against these defendants is barred by the judgment entered by this Court on April 19, 1956, in the prior cause Felix Gore, Plaintiff, v. Gorman's Incorporated, Defendant, No. 9643 [D.C., 143 F. Supp. 9]."

Parenthetically, the court may add that case No. 9643 to which the defendants refer, was another action brought by the plaintiff against the corporate defendants, alleging malicious prosecution because of their effort to collect the same $463 which had been discharged in bankruptcy.

Briefly, the facts in that case were, that the same corporate defendants, after obtaining judgment in the court of Missouri, reduced the amount of their claim of $463 to $300 (to meet jurisdictional requirements), and filed suit against the plaintiff herein, before the same Justice of the Peace in the State of Kansas, plaintiff then residing in that state, and sought to obtain judgment against him, even though the obligation had been discharged in bankruptcy. The evidence revealed numerous threats and acts which the court considered to be illegal acts, to force collection of their judgment. This court entered judgment of $35 actual damages (the amount he paid to an attorney), and $1,000 punitive damages. That judgment was satisfied by the defendants.

The first contention, that the action is barred by the statutes of limitations, is based upon the contention of the defendants that the facts set out in the complaint charged the defendants with false arrest, rather than abuse of process. Such an action, under the laws of the State of Kansas, would be barred by that state's one year statute of limitations. The difficulty with this position, however, is that, in the opinion of the court, the plaintiff alleges facts running to collateral use of process, and, therefore, seeks to recover for abuse of process, and not for false arrest. While the facts alleged also define an action for

false arrest, this does not preclude the plaintiff from applying the same facts in alleging a cause of action for abuse of process. So long as a sufficient claim is alleged, plaintiff has the choice of action. There is a two year statute of limitation in Kansas for actions arising out of abuse of process.

■ As to contention "2"—that the action is *res judicata*—or barred by the judgment heretofore entered, it is the opinion of the court that the action sought to be maintained against the defendants at this time is entirely separate and distinct from the cause of action heretofore prosecuted against the defendants, although some of the relevant facts were considered in that case. Certainly there is a distinction between an action for malicious prosecution, and an action for abuse of process, for even false arrest, and the plaintiff had a right to maintain the actions separate and distinct from each other. That contention must be ruled against the said defendants.

In their brief in support of their Motion for Summary Judgment, said defendants admit that the criminal action maintained against the plaintiff in the State of Kansas was without foundation in law, and that there was no justification or legal right to institute said proceeding. Every act in connection with the issuance of the check took place in the State of Missouri, which, if there was any violation of law, was a violation of Missouri law, and not Kansas law. Had the plaintiff instituted an action for false arrest within the period of the statutes of limitations, even according to the defendants' own admissions, there would have been absolutely no defense to such an action, and the question would have resolved itself into one of damages alone. No such action was instituted, however.

■ The plaintiff contends that the facts upon which the charge is based, merit recovery. In support of this he states that though it was not a vio-lation of the laws of the State of Kansas, this fact was concealed from him until shortly prior to the time of the institution of this suit, and that the check upon which the information was based, was not a part of the record before the Justice of the Peace. The court's answer to this is that the plaintiff is held to know that the check was a transaction wholly within the State of Missouri, and he was charged with the legal knowledge, at least, that it was not, and could not, have been a violation of Kansas law.

■ We next come to the question of whether or not there is any cause of action alleged for abuse of process.

Plaintiff alleges that the process was issued for the purpose of enforcing the collection of the discharged obligation. It was contended by plaintiff in his brief and oral argument, that, even prior to the issuance of the warrant for the plaintiff in Kansas, many attempts and threats were made by the defendants in their respective efforts to collect their discharged obligation, including threats of the arrest of the plaintiff on the bad check in the State of Kansas, if he did not make payment.

However, it is also alleged in the complaint, that subsequent to the issuance of the warrant, plaintiff refused to pay any part of the obligation, and that, therefore, nothing was obtained by the defendants as a result of their threats to have the plaintiff arrested, or their subsequent attempt to abuse the process of the court, in order to collect the discharged obligation. This, it seems to me, destroyed the plaintiff's cause of action.

No advantage accrued to the defendants as a result of the effort to collect the obligation, nor did a material disadvantage accrue to the plaintiff through the attempted abuse of process. There is no question, under the admitted facts, that the defendants attempted to abuse the process in the collection of

their uncollectible obligation, but in this they were unsuccessful.

 The exact question before the court, has, so far, to the court's knowledge, never been decided in Kansas, under which law the court is bound. In the absence of authority on this specific point, the court will apply existing Kansas authority on the nature of abuse of process to reach a decision which it believes compatible with that which would be taken by the Kansas courts.

Therefore, it is the opinion of the court that under the Kansas law, when the defendants attempted to coerce payment, and did not accomplish same, in the absence of collateral damage, the plaintiff lost his right to recover for abuse of process. Welch v. Shepherd, 169 Kan. 363, 219 P.2d 444; McClenny v. Invevarity, 80 Kan. 569, 103 P. 82, 24 L.R.A.,N.S., 301; Heaton v. Norton State Bank, 5 Kan.App. 498, 47 P. 576.

All of the expense incurred by the plaintiff in connection with the illegal issuance of the process was in the direct defense of himself against the charge that was made against him. The employment of counsel to defend himself against the charge was concerned only with the unlawful arrest, and, as such, is distinguished from collateral expense or damage.

There was probably never a more perfect action for false arrest than existed in this case, but, unfortunately for the plaintiff, he did not seek to enforce his rights until the statutes of limitations had barred the action.

 In view of what I believe to be an accepted general principle of law, not only in the State of Kansas, but elsewhere, that in order to maintain an action for abuse of process, there must have been some benefit accrued to the guilty party, and some collateral disadvantage to the other party, and, since the damage to plaintiff as a result of the unlawful arrest was direct, and not from the collateral attempt to enforce payment, plaintiff has failed to state an adequate claim in abuse of process.

Therefore, defendants' Motion for Summary Judgment must be and is hereby sustained.

#### Order Sustaining Motion for Summary Judgment

Defendants' Motion for Summary Judgment coming on for consideration, and the court having duly considered the same, does now here sustain said motion upon the grounds, and for the reasons set out in a Memorandum Opinion heretofore filed, sustaining such motion.

It is therefore ordered, adjudged and decreed by the Court that the plaintiff take nothing by his complaint, and that the defendants have and recover of the plaintiff, their costs herein expended.