Forrest William STONE, Plaintiff-Respondent,

v.

Dorothea Carla STONE, Defendant-Appellant.

No. 32085.

St. Louis Court of Appeals.

Missouri.

July 20, 1965.

Motion for Rehearing or to Transfer to Supreme Court Denied Aug. 24, 1965.

Application to Transfer Denied Sept. 13, 1965.

Greensfelder, Hemker & Wiese, Donald S. McDonald, St. Louis, for defendant-appellant.

Shaw, Hanks & Bornschein, Charles M. Shaw, Clayton, Arthur B. Shepley, Jr., St. Louis, for plaintiff-respondent.

BRADY, Commissioner.

This appeal is from a judgment of the juvenile division of St. Louis County circuit court modifying an award of custody entered by the domestic relations division thereof. The factual situation leading to such an incongruous result need be only briefly stated.

A review of preliminary proceedings will be helpful to place in proper perspective the jurisdictional issue upon which we decide this case. The plaintiff in the instant case filed suit seeking a divorce from the defendant and custody of the four minor children born of their marriage. The defendant filed an answer and a cross-bill wherein she sought a divorce and custody of the children. Her petition also contained a second count sounding in equity whereby she prayed that in the event custody was denied either party in the divorce action, then the court should award her custody together with a reasonable allowance for their support and maintenance. The trial court acted in accordance with the second count of the defendant's cross-bill. Pending appeal to this court a controversy arose due to a post-trial order regarding custody. That matter was resolved by State ex rel. Stone v. Ferriss, Mo., 369 S.W.2d 244. In accordance with that opinion the trial court entered a new order granting plaintiff custody pending cross appeals to this court. By opinion of April 29, as modified May 22, 1964, this court affirmed the trial court's decree granting general custody to the defendant. See Stone v. Stone, Mo.App., 378 S.W.2d 824. Therein this court directed that the domestic relations division retain exclusive jurisdiction of these minors during their minority.

We pass now to those facts bearing upon our view of the instant appeal. On June 29, 1964, the parties appeared in the circuit court in response to the judge's order to show cause why Mr. Stone should not be held in contempt for willful refusal to obey the trial court's orders regarding custody. Testimony was heard and the court ordered Mr. Stone to comply with its orders as to delivery of the children to the defendant and " * * * to pay defendant a compensatory fine of $300.00. * * *" The following paragraph appears in that same

order: "Court certifies the cause to the Juvenile Division for determination of any changes in the existing orders re custody and support of minor children. * * *" The balance of the order dealt with the disposition of the children for the summer months and is not pertinent to our inquiry. The same is true of the "compensatory fine." We will not refer to that matter again.

Plaintiff's motion to modify was not filed until August 31, 1964, slightly over one month later. It was filed in the juvenile division of the circuit court. That motion sought the modification of the grant of custody to the defendant as affirmed by this court. That was the only relief sought by the plaintiff who specifically alleged " * * * a change of circumstances sufficient to require a modification of the Court's order * * * pertaining to the custody of the minor children." The prayer was that the court modify the previous decree " * * * and order the minor children to be placed in the major custody and control of the Plaintiff * * *" with visitation rights to the defendant. The defendant filed her cross-motion to modify seeking to have the plaintiff's visitation privileges revoked.

Trial on these motions took place in the juvenile court of St. Louis County pursuant to the transfer provisions contained in the order of July 29, 1964. At the opening of such proceedings the trial court stated, " * * * And as I understand. this matter has been transferred from the Domestic Relations Division to the Juvenile Court * * * and the scope of responsibility for this Court would appear to come in by virtue of Section 211, that is Chapter 211 which is the Juvenile Code and the provisions therein relevant to the welfare of the children in other proceedings. * *"

The judgment of the juvenile court contains the following pertinent provisions: "On the record and evidence adduced, the Court finds: that the Juvenile Division of the Circuit Court of St. Louis County has

jurisdiction in this proceedings by virtue of the transfer of the cause to this division from the Domestic Relations Division of this court of certain proceedings having heretofore been had with respect to an action for divorce instituted by the plaintiff against the defendant; that the order of transfer and certification of the cause to the juvenile division was for determination of any changes in the existing orders re custody and support of minor children; the jurisdiction of the court having heretofore been invoked by virtue of the residence of the parties; and under § 211.031 [RS Mo.1959, V.A.M.S.], the court further finds that the children are without proper care, custody or support because of the conflict existing between the mother and the father stemming from their failure to reach an amicable relationship and to continue as husband and wife in a family setting; * * It is ordered, adjudged and decreed that the minor children, Pamela Stone, Forrest Stone, Jeffrey Stone and Phillip Stone, be placed in the custody of their paternal grandmother, Marie Stone, under supervision of the St. Louis County Child Welfare Services to the exclusion of visitation or custody rights of either parent, Forrest William Stone and Dorothea Carla Stone; * * * that the order heretofore entered for allowance for the maintenance of said minor children with the defendant mother, Dorothea Carla Stone, in the sum of $500 a month is set aside but the plaintiff, Forrest William Stone, is ordered to pay for the maintenance of the defendant, Dorothea Carla Stone, the sum of $65 a week, all subject to further order of the court." The plaintiff was also ordered to pay certain sums to his mother for the maintenance of the children, the defendant's attorneys, and the costs.

We are therefore confronted with an amazing and dismaying situation; one where the domestic relations division of the St. Louis County circuit court has certified to the juvenile division of that same court a cause involving custodial rights of minor children in violation of that por-

tion of this court's opinion directing the domestic relations division to retain continuing and exclusive jurisdiction of the children; where the certification was ordered at a time when there was no motion to modify nor any other pleading then pending before the domestic relations division; where the juvenile division of that court assumed jurisdiction, treated the matter as a juvenile case, found the children without "proper care, custody or support," and placed them with a person not a party to the modification proceeding and under the "supervision of the St. Louis County Welfare Services to the exclusion of visitation or custody rights of either parent"; where the juvenile court in its order has provided for its continuing jurisdiction over these children; and where the juvenile court has modified the decree in a manner never requested by any of the parties and has awarded monthly alimony to the defendant in spite of the fact she was not the recipient of a decree of divorce.

While not decisive of this appeal, some comment upon the trial court's action in the face of this court's opinion seems appropriate. Of course, continuing jurisdiction by the domestic relations division would have been the result even without a specific order of this court in those divorce cases which proceed to judgment upon the bill or cross-bill of the parties. See the cases collected in Mo.Digest, Divorce, At the date of our order we thought that the interests of justice would best be served by so directing in the instant case where judgment was rendered upon defendant's equitable cross-bill for custody and not upon the plea for divorce. We remain of that opinion and are at a loss to understand why, only one month and seven days later, this clear direction was disregarded.

The defendant's motion to set aside this order contains allegations contesting the jurisdiction of the juvenile court but the only points briefed before this court are the contentions the proof was insufficient to support the judgment rendered by the juvenile court and that defendant's cross-motion to modify should have been sustained. However, we are not required to confine ourselves to those allegations. It is well settled that questions of jurisdiction are of first concern to every court and can arise sua sponte as well as by suggestion of a party. It is equally well settled that if the juvenile court had no jurisdiction to render judgment upon the merits then the jurisdiction of this court is equally lacking. Shepler v. Shepler, Mo. App., 348 S.W.2d 607 and cases cited at [1], p. 609. Shepler was reversed on other grounds, see Shepler v. Shepler; Mo. Digest, Appeal and Error,

Sec. 211.051, RSMo 1959, V.A. M.S., provides for certification of questions of legal custody by "other courts" to the juvenile court provided certain prerequisites are present. Thus it is therein provided that " * * * when the legal custody or guardianship is incidental to the determination of causes pending in other courts * * *", such questions " * * * may be certified by another court to the juvenile court for hearing, determination or recommendation." That language is plain, clear, unambiguous, and should easily be understood by anyone who takes the time to read it. It furnishes no authority for the certification in the instant case as legal custody was not incidental to any other question presented by the plaintiff's motion to modify. Legal custody was the only question presented by that motion. Moreover, this section clearly contemplates some cause be then pending in the certifying court to which the question of legal custody may be incidental. In the instant case, at the date of the alleged certification, there was nothing on file that related to the question of legal custody and nothing bearing upon that issue was filed until over one month later. It follows that the domestic relations division of the circuit court was without authority to certify this cause to the juvenile court.

It is equally apparent the juvenile division had no jurisdiction to enter judgment. In the first place, that judgment was based upon a proceeding under § 211.051, RSMo 1959, V.A.M.S. The court so recites in its judgment. Jurisdiction to proceed under that section and to issue an order resulting in the deprivation of parental custody can be acquired only by the filing of a petition as required by § 211.091, RSMo 1959, V.A.M.S. See State v. Taylor, Mo.App., 323 S.W.2d 534 [7], and see the cases cited therein at footnotes 5 and 6 on page 537.

In the second place the purported judgment rendered by the juvenile division went far beyond the question of custody and attempts to make an award which it could not have made even if it had jurisdiction. The judgment recites the award of $65.00 a month " * * * for the maintenance of the defendant * * *." The term "maintenance" in a divorce decree has reference to the support of the minor children of the marriage even though payments are made to the mother. Marley v. Marley, 356 Mo. 870, 204 S.W.2d 261. The term was obviously not so used in the instant case as the recipient of the "maintenance" ordered by the court was, under that same decree, deprived of all custodial rights. The term "alimony" as used in a divorce decree means the allowance made by the court for the support of the divorced wife herself. Marley v. Marley, supra. In the instant case it is apparent that the juvenile court used the term "maintenance" as "alimony." The order of the juvenile court makes no sense under any other interpretation. In its origin alimony was the method by which the spiritual courts of England enforced the duty of maintenance owed by a husband to a wife during their legal separation. Anderson v. Norvell-Shapleigh Hardware Co., 134 Mo.App. 188, 113 S.W. 733. Alimony has been said to be, in effect, a judgment for the damages the wife sustains by reason of the loss of the right of her husband's support, Nelson v. Nelson, 282 Mo. 412, 221 S.W. 1066, or as being in the nature of an award for damages because of her husband's breach of the marriage contract. Brinker v. Brinker, 360 Mo. 212, 227 S.W.2d 724. There are few, if there are any, principles of law better settled in this jurisdiction than the rule that alimony may not be awarded except as an incident to a decree of divorce. See cases collected in Mo.Digest, Divorce, In the instant case the defendant was denied a decree of divorce and could not be awarded alimony.

There is one other matter that we need rule upon. The normal procedure under the result reached herein would be to remand this cause to the domestic relations division for trial upon the merits of the plaintiff's motion to modify. However, such a course is not available in the instant case. The plaintiff never filed his motion to modify in the domestic relations division but filed it in the juvenile division of the circuit court. Since that division was totally without jurisdiction to receive such a pleading, the situation is as if the motion had never been filed. Accordingly, there is now nothing pending upon which trial could be had should this court remand the cause.

It follows that the judgment of the juvenile division was void and of no effect and that the decision of the domestic relations division affirmed by this court in Stone v. Stone, Mo.App., 378 S.W.2d 824, is in full force and effect and the custodial rights of the plaintiff and the defendant are to be governed accordingly. The judgment should be reversed. The Commissioner so recommends.

PER CURIAM.

The foregoing opinion by BRADY, C., is adopted as the opinion of the court. The judgment should be reversed.

WOLFE, P. J., RUDDY, J., and ROY W. McGHEE, Special Judge, concur.

ANDERSON, J., not participating.