Earnest Eugene POTEAT, Petitioner,

v.

Helen Marie POTEAT, Respondent,

and

Hanover Insurance Company, Intervenor-Appellant.

No. 44251.

Missouri Court of Appeals, Eastern District, Division Three.

March 9, 1982.

Motion for Rehearing and/or Transfer Denied April 16, 1982.

Anthony S. Bruning, David M. Duree, Leritz & Reinert, P. C., St. Louis, for intervenor-appellant.

David M. Nissenholtz, St. Louis, for respondent.

CRIST, Judge.

Hanover Insurance Company (intervenor) intervened in this dissolution of marriage action as a judgment creditor of the husband, alleging in its Intervening Petition:

> [A]n interest in seeing that E. Eugene Poteat [husband] is awarded his fair share of the marital property, and in seeing that all of the marital property is not awarded to Helen Poteat [wife], because this would result in defeating its rights to collect its judgment of record against E. Eugene Poteat out of his fair share of the marital assets.

As the husband disappeared just two days before his Petition for Dissolution of Marriage was filed in April, 1979, and has not been heard from since, the cause was heard on the wife's cross-petition and a decree

512

was entered awarding her substantially all of the martial property. Intervenor appeals, challenging the award of marital property to the wife. However, we hold that intervenor's claim did not justify its intervention in this action, and we dismiss the appeal on our own motion.

It is apparent that intervenor predicates its Intervening Petition on Rule 52.12(a), the pertinent parts of which provide:

> Upon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an *interest* relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest .... (Emphasis added.)

The kind of "interest" justifying intervention under Rule 52.12(a)(2) was specified by the Supreme Court in *Matter of Trapp*, 593 S.W.2d 193, 204 (Mo. banc 1980), quoting *State ex rel. Farmers Mutuals Automobile Ins. Co. v. Weber*, 364 Mo. 1159, 273 S.W.2d 318, 321 (1954):

> '[I]nterest' means a direct and immediate claim to, *and having its origin in* [emphasis added], the demand made or proceeds sought or prayed by one of the parties to the original action, but such 'interest' does not include a mere consequential, remote or conjectural possibility of being in some manner affected by the result of the original action; ... the 'interest' must be such an immediate and direct claim upon the very subject matter of the action that intervener [sic] will either gain or lose by the *direct operation* [emphasis in original] of the judgment that may be rendered therein.

Intervenor's claim does not originate in anything appearing in the dissolution action pleadings, nor will it gain or lose by the *direct* operation of any property disposition made in the dissolution decree. Having failed to state or prove a proper claim in intervention, intervenor's petition should have been dismissed for failure to state a claim upon which relief can be granted.

Though no challenge to the sufficiency of intervenor's petition has been made by wife, failure to state a claim upon which relief can be granted is a jurisdictional defect, see: *Harding v. State Farm Mutual Automobile Ins. Co.*, 448 S.W.2d 5, 7–8 (Mo. banc 1969), and as such must be noticed by this court *sua sponte* when it appears. *Stone v. Stone*, 393 S.W.2d 201, 204 (Mo.App.1965).

The trial court's order sustaining intervenor's motion for leave to intervene is vacated, and intervenor's petition is dismissed. This appeal is dismissed.

REINHARD, P. J., and SNYDER, J., concur.