Cheryl Lynn BROWN,
Plaintiff-Respondent,

v.

GREENE COUNTY, MISSOURI,
Defendant-Appellant.

No. 13383.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 19, 1984.

John G. Newberry, Schroff, Glass & Newberry, P.C., Springfield, for plaintiff-respondent.

Theodore L. Johnson, III, County Counselor, John W. Housley, Asst. County Counselor, Springfield, for defendant-appellant.

TITUS, Presiding Judge.

Plaintiff Cheryl Brown brought this action seeking money damages from defendant Greene County, Missouri, for injuries she sustained when a motorcycle on which she was a passenger collided with a fallen tree limb lying across a rural road within defendant's territorial confines. The case was tried to a jury which returned a verdict in favor of defendant. Thereafter, plaintiff filed a motion for new trial which the trial court sustained on the basis of what it deemed instructional error. From this grant of a new trial defendant has appealed.

Defendant in its brief proper raises but one point, that concerning the correctness vel non of the affirmative defense instruction proffered by defendant, read to the jury, and subsequently declared erroneous by the court below. In a separate document taken with the case and styled "Appellant's Motion to Dismiss Plaintiff's Petition for Damages or in the Alternative, Motion for Summary Judgment, and Argument," defendant, consistent with that heading, moves this court to dismiss plaintiff's petition or, in the alternative, grant summary judgment on the ground that plaintiff's petition does not state a claim upon which relief can be granted. Specifically, defendant contends sovereign immunity stands as a bar to the assertion of plaintiff's claim. For reasons developed infra, we agree.

First, to demonstrate the gravity of the matter at hand we note that, because failure to state a claim is jurisdictional, an

**434**

issue relating to that defense may be raised for the first time on appeal, *Fallert Tool and Engineering Co., Inc. v. McClain*, 579 S.W.2d 751, 756[7] (Mo.App. 1979), and may even be noted by us sua sponte. *Poteat v. Poteat*, 632 S.W.2d 511, 512[2] (Mo.App.1982). We need not rely upon these authorities in the instant setting, however, as defendant asserted the affirmative defense of sovereign immunity in its answer.

In her petition plaintiff alleged, inter alia,

"(2) That on or about the 12th day of July, 1981, a motorcycle on which plaintiff was riding as a passenger struck and violently collided with a tree which was obstructing Greene County Farm Road 112, and as a direct result of said collision and impact plaintiff was thrown from said motorcycle, suffering serious and permanent injury hereinafter more particularly described.

(3) That the aforesaid farm road was and is the property of defendant, and obstruction thereof by a tree constituted a dangerous condition creating a reasonably foreseeable risk of harm and of the kinds of injuries sustained by plaintiff; that the obstruction of the said road by a tree, and plaintiff's injuries, were directly and proximately caused by the negligent or wrongful acts or omissions to act of defendant's employees, including the following:

(a) Failure to inspect the said road for dangerous conditions.

(b) Failure to remove the tree from the road after defendant's said employees knew, or using ordinary care should have known, that the road was obstructed.

(c) Failure to warn motorists and other users of the said road of the obstruction thereof, or the risk of collision created thereby.

(d) Failure to clear the right of way at the side of said road of trees which said defendant's employees knew, or using ordinary care should have known, might collapse or fall into the roadway.

(e) Constructing said road so that the said tree was obscured or hidden from the view of approaching motorists and other users of the road."

We observe that these averments appear to have been drafted with an eye toward bringing plaintiff's claim within § 537.-600(2) [1] one of two statutory "exceptions" to sovereign immunity in this state. That subsection provides that sovereign immunity, as it generally exists by virtue of § 537.600, is expressly waived as to "[i]njuries caused by the condition of a public entity's property if the plaintiff establishes that the property was in dangerous condition at the time of the injury, that the injury directly resulted from the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of harm of the kind of injury which was incurred, and that either a negligent or wrongful act or omission of an employee of the public entity within the course of his employment created the dangerous condition or a public entity had actual or constructive notice of the dangerous condition in sufficient time prior to the injury to have taken measures to protect against the dangerous condition."

■ While it plainly appears that plaintiff's petition states a cause of action under § 537.600(2), because of the recent opinion of our Supreme Court in *Bartley v. Special School District of St. Louis County*, 649 S.W.2d 864 (Mo. banc 1983) (Wasserstrom, Sp.J., dissenting), we are constrained to conclude otherwise. It was held in *Bartley* that sovereign immunity, as legislatively resurrected following *Jones v. State Highway Commission*, 557 S.W.2d 225 (Mo. banc 1977), is waived only in the circumstances set forth in subsections (1) and (2) of § 537.600 *"and then only to the extent the public entity has purchased liability insurance for such purposes"* pursuant to the authorization contained in § 537.610. Thus, a plaintiff may meticulously allege his particular set of facts into apparent coverage by either subsection (1) or (2) of

**1.** All statutory references are to V.A.M.S.

§ 537.600 and yet be precluded from suit if it happens that the defendant public entity has chosen not to purchase liability insurance against tortious incidents of the kind contemplated by those subsections.

Attached to and in support of defendant's motion to dismiss/motion for summary judgment are two affidavits, one executed by an associate judge of the County Court of defendant, the other by the acting administrator of defendant's highway department. Both of these documents are to the effect that defendant had not as of July 12, 1981, and has not at any time since, purchased or possessed any policy of insurance affording itself coverage against liability resulting from any of the tortious acts or omissions alleged in plaintiff's petition.

In light of *Bartley* and a reluctant application thereof in *Hohimer v. Missouri Highway and Transportation Commission,* 659 S.W.2d 521 (Mo.App.1983), we are of the opinion that sovereign immunity bars plaintiff's action. The order of the trial court granting plaintiff a new trial is reversed and the cause remanded with directions to the trial court to dismiss plaintiff's claim.

FLANIGAN and GREENE, JJ., concur.