Carroll ZAHORSKY, M.D., Appellant,

v.

BARR, GLYNN AND MORRIS, P.C.
and Kevin Glynn and Robert
Jester, Respondents.

No. WD 35934.

Missouri Court of Appeals,
Western District.

June 11, 1985.

Stephen G. Mirakian, Koenigsdorf, Kusnetzky & Wyrsch, Kansas City, for appellant.

William E. Quirk, Robert A. Henderson, Shughart, Thomson & Kilroy, Kansas City, for respondents.

Before NUGENT, P.J., and PRITCHARD and CLARK, JJ.

CLARK, Judge.

Appellant, a medical doctor, sued respondents, who are practicing attorneys, for malicious prosecution of a medical malpractice case against appellant and abuse of process. The trial court sustained respondents motion for summary judgment. Appellant contends the trial court thereby erred because genuine issues of material fact were raised by the pleadings and affidavits. For the reasons hereafter stated, we conclude summary judgment was properly ordered because under admitted facts, appellant fails to state a claim on which relief could be granted.

This dispute originated when one Kathy Lee Wright employed respondents as her attorneys to pursue a malpractice cause against appellant. Wright had submitted to cosmetic breast surgery by appellant on the expectation that her appearance would be improved. The result, according to the suit filed against appellant, was disfiguring scars and misalignment of the breasts.

The suit against appellant was filed May 27, 1976 and progressed in normal pre-trial preparation. At least two trial settings were passed on continuances requested by the parties. Before any trial was actually conducted, however, Kathy decided to abandon the case. She advised respondents that the prospective trial was having a disquieting effect on her recent marriage and she instructed respondents to dismiss the case. On October 24, 1978, respondents filed a voluntary dismissal without prejudice. This suit against respondents was filed two years later.[1]

---

1. The petition for malicious prosecution was ostensibly prepared and filed pro se by appel-

## THE MALICIOUS PROSECUTION CASE

■ On this appeal, appellant notes that the central issue in the claim against respondents is whether there was probable cause to instigate the malpractice action. He contends there was not, that respondents filed suit without making a diligent and good faith inquiry into the facts and that the true purpose of the suit was to coerce appellant regarding charges for Kathy Wright's treatment. Under the pleadings, affidavits and oral testimony taken on the motion, appellant says there were unresolved questions on these issues as a consequence of which, respondents could not demonstrate by unassailable proof their entitlement to summary judgment.

The rule is familiar that where there is even slight doubt as to facts which bear on material issues in a case, summary judgment is not to be awarded. *Shepherd v. American States Insurance Co.*, 671 S.W.2d 777, 780 (Mo. banc 1984). The nature of the subject case is such that an irrefutable factual predicate of probable cause and salutary motives for instigation of suit on a medical malpractice claim are virtually unattainable. The complexity of the subject is enhanced when the malicious prosecution defendants are not the primary parties to the underlying litigation, but instead are the attorneys. If required to do so, we would be obliged to find here, as appellant urges, that there was at least slight doubt concerning the facts as to probable cause for the malpractice prosecution.[2]

■ Despite the potential validity of appellant's points which he has briefed and argued and to which respondents have submitted counter arguments, our independent consideration of the prospect for appellant to make any case were the cause remanded for trial leads to the conclusion that no case can be shown. This poses the dilemma of whether the appeal may be properly resolved on a point not raised or briefed by either party. The initial discussion therefore undertakes to establish the propriety of that approach under the particular situation of this case.

The disposition which this appeal seeks is a reversal of the judgment below and a remand of the case for trial on the merits. Section 512.160, RSMo. 1978, paraphrased, cautions the appellate courts not to reverse any judgment except for error materially affecting the merits of the action and not to order a new trial as to issues where no error appears. If, for want of an essential element in the cause of action for malicious prosecution, appellant cannot state a claim regardless of how the fact issues mentioned above are resolved, it necessarily follows that this court may not reverse the summary judgment because the error is not material.

Several cases have considered this problem and have concluded that failure to state a claim is a jurisdictional defect which may be raised for the first time on appeal and may even be noted by the court sua sponte. *Brown v. Greene County, Mo.*, 677 S.W.2d 432 (Mo.App.1984). In *Stone v. Stone*, 393 S.W.2d 201 (Mo.App.1965), a child custody dispute ancillary to a divorce suit was "certified" by the domestic relations division of the circuit court to the juvenile division of the same court which then proceeded to take up and rule a motion to modify custody. Appellant wife briefed only issues as to the sufficiency of the evidence, but the court considered sua sponte the question of whether any cause of action existed under § 211.051, RSMo. 1978 (repealed) to enable the juvenile court to determine custody. The court stated it was not required to confine itself to the allegations of · error raised by appellant

---

lant and included Kathy Wright as a defendant. The cause against her was later dismissed. The basis for and circumstances of the dismissal are not shown in this record.

**2.** The question, not reached here, is further clouded because respondents filed the suit for

Kathy Wright, not as a conventional medical malpractice case, but under § 407.020 and 407.-025 for unlawful merchandising practices. The claim was that the results of the surgery were falsely represented.

where the cause of action itself was flawed.

In *Poteat v. Poteat*, 632 S.W.2d 511 (Mo. App.1982), one of the disputed issues was the division of marital property. Hanover Insurance was permitted to intervene by the trial court on the theory that as a creditor of the husband, it had a protectable interest in advocating a division of property favorable to the husband. The trial court awarded the bulk of the property to the wife and Hanover appealed. Although the only questions briefed were directed to the property division, the court ruled the case based on the failure of Hanover to state a claim, saying: "Though no challenge to the sufficiency of intervenor's petition has been made by the wife, failure to state a claim upon which relief can be granted is a jurisdictional defect, see: *Harding v. State Farm Mutual Automobile Ins. Co.*, 448 S.W.2d 5, 7–8 (Mo. banc 1969), and as such must be noticed by this court sua sponte when it appears. *Stone v. Stone*, 393 S.W.2d 201, 204 (Mo.App.1965)."

■ By analogy to the above cases, if it appears from the record here that an essential element of appellant's cause of action in malicious prosecution is lacking and cannot be supplied, then his case is jurisdictionally defective and no relief could be granted even were he to prevail on the issues raised and briefed on appeal. We find such a defect under sua sponte analysis which follows.

The elements of a malicious prosecution action were most recently described in *Sanders v. Daniel International Corp.*, 682 S.W.2d 803, 807 (Mo. banc 1984). They are (1) the commencement of a prosecution against the plaintiff; (2) instigated by the defendant; (3) termination in favor of the plaintiff; (4) want of probable cause for the prosecution; (5) defendant's conduct was actuated by malice, and; (6) plaintiff was damaged. We focus here on the third element, termination of the prosecution in favor of the malicious prosecution plaintiff.

The facts as to termination of the medical malpractice suit filed on behalf of Kathy Wright against appellant are not in dispute. On the instruction of Wright, the client, respondents filed a voluntary dismissal of the case without prejudice. The merits of the case were never decided and never will be decided because the cause of action was not preserved by refiling and is now time barred. The issue is whether the third element of a malicious prosecution cause is satisfied in a suit against the attorneys when the underlying cause has been dismissed on the choice by the client to abandon the claim.

Reported Missouri cases address the effect of voluntary dismissals as a favorable termination where the malicious prosecution defendant was the claimant in the underlying case. The general rule is that a dismissal without prejudice does not terminate the case in favor of the defendant absent proof that the dismissal is coupled with the intent of the plaintiff to abandon the claim. This follows because a dismissal without prejudice does not alone conclude the cause with finality. *Stix & Co. v. First Missouri Bank & Trust Co.*, 564 S.W.2d 67, 70 (Mo.App.1978). Two cases illustrate the necessity to weigh a dismissal in the perspective of surrounding circumstances.

In *Ruzicka v. Universal Printing Co.*, 637 S.W.2d 834 (Mo.App.1982), the plaintiff asserted that Universal had maliciously prosecuted a suit against him for breach of a labor agreement. He relied on a prior dismissal of that case without prejudice to show termination of the suit in his favor. The fact was, however, that Universal had not abandoned the labor case but had refiled the petition subsequent to the dismissal. The trial court sustained a motion to dismiss the malicious prosecution action. That disposition, treated as summary judgment, was affirmed on the ground that Ruzicka could not establish the third element of a cause of action for malicious prosecution, favorable termination of the underlying case.

The foregoing is to be contrasted with *McFarland v. Union Finance Co.*, 471 S.W.2d 497 (Mo.App.1971), a case which grew out of a suit on a note. McFarland had notified Union that his purported guar-

anty of a note was based on a forgery. Despite this, Union sued McFarland on the note. When McFarland responded by employing counsel and raising the defense, Union dismissed the case. The court found the clear evidence to have shown that Union had finally abandoned any claim against McFarland even though the dismissal was without prejudice and the limitation statute had not run.

■ The authorities, exemplified by the above cases, suggest that whether a suit dismissal without prejudice is a favorable termination of the action depends on establishing the dismissal as implementing a decision to abandon the claim. From such a dismissal it is inferred that the claim lacked merit because, presumably, a meritorious claim is not usually abandoned. By this analysis, Kathy Wright's direction for respondents to dismiss the medical malpractice suit amounted to a concession that, in her opinion, the claim lacked merit and, thus, the dismissal was a termination in appellant's favor.

The difficulty with the foregoing is that the present action is not against Kathy Wright who bears the burden of the inferred concession but against respondents who merely acted under the client's instruction. In this situation, there is no basis to infer any concession as to the merits of the claim by respondents. The question is whether respondents must answer to the charge of malicious prosecution because the client unilaterally decided to abandon the case.

No reported Missouri decision has been found which rules this question in a case of malicious prosecution brought only against the attorneys who represented the plaintiff in the underlying suit. A case on all fours, however, is *Zeavin v. Lee*, 136 Cal.App.3d 766, 186 Cal.Rptr. 545 (1982). There, Zeavin and his associate Kaspar were sued for medical malpractice by one Chung in a petition prepared by Chung's attorney, Lee. Later, Chung moved to Mexico and notified Lee that she would not pursue the case. It was eventually dismissed at which point Zeavin and Kaspar sued Lee for malicious prosecution and abuse of process. The trial court sustained Lee's demurrer to the complaint on the ground that dismissal of the Chung suit was not a termination favorable to Zeavin and Kaspar for purposes of a suit against Lee. The court of appeals agreed.

The opinion relied upon the proposition that a client's decision made unilaterally to discontinue suit imputes no concession on the part of the attorney concerning the merits of the claim.

"While it may sometimes be proper to hold that a prior action was unfavorably terminated against a party solely * * * by reason of her unilateral abandonment of that action, the attorney is not the insurer of his client's conduct, and the law wisely places no such burden on that party's attorney solely by reason of his client's conduct in that regard."

*Zeavin*, 186 Cal.Rptr. at 549.

The opinion also observed that it would not be reasonable to hold an attorney liable for malicious prosecution solely because the client refuses to cooperate in presenting a case.

In the present case, appellant did not allege or attempt to show that the dismissal of the malpractice case in any way reflected a concession by respondents that the suit lacked merit or that respondents had any choice but to accede to the decision by the client not to pursue the litigation. The obvious fact was that the client wearied of the contest for personal reasons. As the previously cited authorities hold, a dismissal without prejudice is not a termination of the underlying suit favorable to the malicious prosecution plaintiff unless the party sought to be charged with the consequences dismissed the case because he abandoned the claim. That essential element of the malicious prosecution cause cannot be established against attorneys when it was the client's decision to concede. Any other result would create vicarious liability on attorneys in contravention of the principle that the attorney client relation is not one of agency.

The malicious prosecution petition did not plead a favorable termination of the malpractice case upon which the present action against respondents could be predicated. The manner in which that case ended by dismissal precluded any such pleading in a cause against respondents and therefore summary judgment was appropriately rendered in favor of respondents as to the claim of malicious prosecution.

## THE ABUSE OF PROCESS CASE

In a separate count, appellant asserted that the malpractice case was filed, not for the reasons stated in the petition, but to coerce appellant in regard to his unpaid charges for surgery performed and for future expenses in corrective treatment. That count was similarly decided by entry of summary judgment in favor of respondents. Again, appellant claims respondents were not entitled to summary judgment because the motive which lay behind the bringing of suit was in factual dispute.

The fatal flaw in the abuse of process claim is akin to that which undercut the malicious prosecution action. Under the pleaded facts, confirmed by the affidavits and testimony, a cause of action for abuse of process was not stated.

It was appellant's theory that the malpractice case was filed, first to relieve Kathy Wright from the unpaid bill of appellant for medical service, and second to coerce appellant to finance additional breast surgery by another physician. Neither event occurred. The pleading therefore limits the factual basis for the claim to a charge of improper but unfulfilled motivation.

1 Am.Jur.2d *Abuse of Process* § 4 (1962) explains that an action for abuse of process will not lie unless there has been either an injury to the person or to property. Regardless of how evil the motive may have been, if nothing more has been done than to pursue the lawsuit to its authorized conclusion, no liability is incurred for abuse of process. *Wells v. Orthwein,* 670 S.W.2d 529 (Mo.App.1984). It is an accepted general principle of law that in order to maintain an action for abuse of process, there must have been some benefit accrued to the guilty party and some collateral disadvantage to the other party. *Gore v. Gorman's Inc.,* 148 F.Supp. 241 (W.D.Mo. 1956), *appeal dism'd,* 244 F.2d 716 (8th Cir.1957).

Appellant alleged only that respondents brought the suit on behalf of Kathy Wright for a purpose other than compensation for the injury, that is, to relieve Kathy of certain medical expenses. Even assuming that respondents could be said to enjoy some benefit therefrom, a doubtful proposition, the fact is appellant did not submit to the coercion of the suit. The petition does not allege that Kathy's medical bill was forgiven or that appellant provided the funds for any additional surgery or treatment. If the suit was brought to accomplish those ends, it was unsuccessful.

The thrust of the rule described in the authorities cited is a familiar proposition. The plaintiff is not entitled to recover in an action for damages if he alleges no injury. In the case of an abuse of process claim, unless the claimant has submitted to the coercion and suffered damage as a consequence, he has no cause of action based only on a claim that suit was improperly motivated. Summary judgment was properly ordered here as to the abuse of process claim which failed to allege facts entitling appellant to relief.

The judgment is affirmed.

All concur.