**Robert L. RITTERBUSCH, Appellant,**

v.

**Kent G. HOLT, et al., Respondents.**

**No. 71979.**

Supreme Court of Missouri,
En Banc.

May 15, 1990.

Robert L. Ritterbusch, Maryville, pro se.

James O. Swaney, Jr., Mary Ann Drape, Kansas City, for respondents.

RENDLEN, Judge.

Appeal from judgment dismissing plaintiff's petition for failure to state a cause of action for abuse of process. Thus postured, allegations of the petition are taken as true and when we examine to determine whether *vel non* grounds for relief have been stated, the stricken pleading will be afforded its broadest intendment and all reasonable inferences favoring plaintiff are to be indulged. *See Shapiro v. Columbia Union National Bank and Trust Co.*, 576 S.W.2d 310, 312 (Mo. banc 1978), *cert. denied*, 444 U.S. 831, 100 S.Ct. 60, 62 L.Ed.2d 40 (1979); *Concerned Parents v. Caruthersville School District 18*, 548 S.W.2d 554, 558 (Mo. banc 1977).

Plaintiff Ritterbusch averred that in July 1980, defendant Holt, in the company of defendant Dwyer, caused Ritterbusch to be arrested by making a complaint in the Kansas City Municipal Court charging that he had maliciously damaged an automobile. During the ensuing month, Holt offered to withdraw his complaint if Ritterbusch would pay the alleged claim for damage to the car, and though Holt admitted to Ritterbusch he had filed the complaint against him to compel the payment of the claim, Ritterbusch rejected Holt's offer "and refused to be a party to that unlawful proposal." On the day for hearing in the municipal court, Ritterbusch appeared but of the defendants only Dwyer came, who produced a letter from Holt requesting that Ritterbusch be compelled by the court to make restitution for the purported damage to the motor vehicle. Understandably, no such order seems to have been entered, but the court indicated the cause would not proceed without Holt, whereupon Dwyer moved for continuance and the court postponed the proceeding until Holt could appear and testify. Eventually, Ritterbusch was brought to trial, found not guilty and discharged.

Plaintiff then filed his petition in three counts alleging conspiracy and abuse of process. Counts I and II charge that Holt and Dwyer conspired to and did institute the criminal complaint against plaintiff for a collateral and ulterior purpose and "to use that proceeding to compel plaintiff to pay for the purported damages to that automobile, a purpose and result not lawfully attainable thereby." Ritterbusch's alleged damages flowed from having been placed in jeopardy and deprived of his liberty and freedom and that he was caused shame, embarrassment, humiliation and mental distress as well as harm to his reputation, and that in all this Dwyer gave "substantial assistance and encouragement to" Holt. Count III of the petition alleges in the alternative ultimate facts constituting a claim of abuse of process against Holt alone.

As noted above, the trial court sustained the defendant's motion to dismiss the petition for its failure to state a cause of action. The Court of Appeals, Western District, mistakenly relying upon *Zahorsky v. Barr, Glynn and Morris, P.C.*, 693 S.W.2d 839 (Mo.App.1985), affirmed the dismissal, holding that because Ritterbusch did not allege the wrongdoers had benefited from their actions, the petition failed to state a claim for abuse of process. We took the case on transfer and determine the issues as though on original appeal. Mo. Const. art. V, § 10.

■ A petition is sufficient to withstand a motion to dismiss for failure to state a claim if it invokes substantive principles of law entitling plaintiff to relief and alleges ultimate facts informing defendant of that which plaintiff will attempt to establish at trial. *Fischer, Spuhl, Herzwurm & Associates, Inc. v. Forrest T. Jones & Co.*, 586 S.W.2d 310, 315 (Mo. banc 1979). It is not to be dismissed for mere lack of definiteness or certainty or because of informality in the statement of an essential fact. *Merriman v. Caton*, 395 S.W.2d 106, 109 (Mo.1965).

■ The scope of the common law tort of abuse of process and its components have been fixed in the case law for many years. In 1979, this Court had occasion to examine such an action in *Stafford v. Muster*, 582 S.W.2d 670 (Mo. banc 1979), and, finding that the plaintiffs' petition had been improperly dismissed for alleged failure to state a cognizable claim, we reiterated the settled law, enumerating the elements of the tort as follows:

A pleading alleging abuse of process must set forth ultimate facts establishing the following elements: (1) the present defendant made an illegal, improper, perverted use of process, a use neither warranted nor authorized by the process; (2) the defendant had an improper purpose in exercising such illegal, perverted or improper use of process; and (3) damage resulted. The petition sufficiently alleges that damages resulted; accordingly we need inquire only if it states facts satisfying the remaining elements of the action.

The phrase "use of process," appearing in element (1) above, refers to some wilful, definite act not authorized by the process or aimed at an objective not legitimate in the proper employment of such process.

*Id.* at 678 (citations omitted).[1]

■ The allegations in the instant case meet the requirements of *Stafford*. As to the first element, it is amply alleged and a submissible case will be made if plaintiff adduces evidence demonstrating that defendants made the complaint in municipal court charging plaintiff with a "criminal"

---

1. This Court expressed the same view as that enunciated in *Stafford* in *National Motor Club of Missouri, Inc., v. Noe*, 475 S.W.2d 16, 24 (Mo.1972) (citing 1 Am.Jur.2d Abuse of Process, § 1). The proposition set forth in *Stafford* has been applied quite uniformly by our courts of appeals in all districts. In the Eastern District, see *Pic–Walsh Freight Company v. Cooper*, 618 S.W.2d 449, 453 (Mo.App.1981) and *Pipefitters Health & Welfare Trust v. Waldo R., Inc.*, 760 S.W.2d 196, 198 (Mo.App.1988); in the Southern District, see *Barnard v. Barnard*, 568 S.W.2d 567, 571 (Mo.App.1978); in the Western District, *Hayes v. Hatfield*, 758 S.W.2d 470, 474 (Mo.App. 1988) and *Jenkins v. Andrews*, 526 S.W.2d 369, 376 (Mo.App.1975). The latter cites verbatim the definition of abuse of process set forth in Am.Jur.2d referenced in *National Motor Club of Missouri, Inc. v. Noe*. Stated another way, the test as to whether there is an abuse of process is whether the process has been used to accomplish some end which is outside the regular purview of the process.

See also *Thompson v. Farmers Exchange Bank*, 333 Mo. 437, 62 S.W.2d 803 (1933), where this Court stated: "Abuse of process lies for the wrongful use of process duly issued," i.e., the malicious use of valid process after it has been issued "to obtain a result which the process was not intended by law to effect." *Id.* Significantly, there is no mention of a benefit accruing to the wrongdoer.

*Moffett v. Commerce Trust Company*, 283 S.W.2d 591 (Mo.1955), held that, "The purpose for which the process is used, once it is issued, is the only thing of importance. Consequently in an action for abuse of process it is unnecessary for the plaintiff to prove that the proceeding has terminated in his favor, or that it was obtained without probable cause or in the course of a proceeding begun without probable cause." *Id.* at 599.

*Wells v. Orthwein*, 670 S.W.2d 529 (Mo.App. 1984), one of the most frequently cited cases on this issue, states that if "the suit is brought for a collateral purpose, there is abuse of process" (citing Am.Jur.2d). *Id.* at 532. *Wells* further states that to plead a claim for abuse of process the action must set forth ultimate facts establishing: 1) the defendant made an illegal, improper, perverted use of process, a use neither warranted nor authorized by the process; 2) that the defendant had an improper purpose in exercising such illegal, perverted, or improper use of process; 3) damage resulted. *Id.*

The test employed is whether process had been used to accomplish some unlawful end or to compel the opposite party to do some collateral thing which he could not be compelled to do legally. *Owen v. Owen*, 642 S.W.2d 410, 414 (Mo.App.1982).

act or a violation of the municipal ordinances which led to his prosecution and that defendants did so to force plaintiff to pay a collateral claim for alleged damage to a motor vehicle. Beyond cavil, this petition pleads an improper and perverted use of process sufficient to satisfy the first element of the cause of action. Next, ultimate facts demonstrating that defendants "had an improper purpose in exercising such illegal, perverted or improper use of process" (the second element) have been satisfactorily alleged. Nothing appears in the record or arguments which leads us to a contrary view. The final element, damages, is sufficiently stated and the causal relationship to the wrongful acts generally described.

The court of appeals, affirming the dismissal, drifted afield by adding a fourth element to the cause of action, altering its composition and constricting the established range of the tort. The court announced that "there must have been some benefit accrued to the guilty party and some collateral disadvantage to the other party," citing *Zahorsky v. Barr, Glynn and Morris, P.C.,* 693 S.W.2d 839, 844 (Mo. App.1985). The *Zahorsky* court, searching to find authority for this proposition, turned to a decision of the district court, *Gore v. Gorman's, Inc.,* 148 F.Supp. 241 (W.D.Mo.1956), *appeal dismissed,* 244 F.2d 716 (8th Cir.1957). However, the federal district court, which set the pattern of error, decided *Gore* under Kansas law, conceding that the point had "never been decided in Kansas, under which law the court is bound." *Id.* at 245. The court then held "that in order to maintain an action for abuse of process, there must have been some benefit accrued to the guilty party, and some collateral disadvantage to the other party," concluding that plaintiff, having failed to allege the aforegoing, did not state a claim for abuse of process. *Id.* Such is not the law of Missouri and the *Zahorsky* court erred when announcing that because the "process abusers" were unable to realize their collateral purpose when their victim refused to wilt in the face of coercion, no cause of action arose. Here, plaintiff stiffened and not only refused the demand to pay, but defeated the

criminal charges brought against him. As the Zahorsky court put it, plaintiff's cause of action for abuse of process fails because he "did not submit to the coercion of the [original] suit." This engrafts an unwarranted appendage to a claim for abuse of process. *Zahorsky* is no longer be followed. This is not to say the victim of the abuse is relieved of alleging and proving damages, but those damages can result from lost time and inconvenience in responding to the wrongdoer's institution of his action, *Claspill v. Craig,* 586 S.W.2d 458, 461 (Mo.App.1979), as well as the other items enumerated in the petition here.

■■■ Finally, the allegation of civil conspiracy was pled in the manner following:
[d]efendants, and each of them, maliciously, and with intent to injure Plaintiff, combined and agreed together on a plan and scheme to initiate that criminal proceeding against the Plaintiff and to use that proceeding to compel Plaintiff to pay for the purported damages to that automobile, a purpose and result not lawfully attainable thereby.

In furtherance of their plan and scheme, and pursuant to their agreement, the Defendants initiated that criminal proceeding against the Plaintiff and then made an improper use of that proceeding by the acts set out above in paragraphs 6 and 7, each of which act in and of itself constitutes an improper and wrongful use of such proceedings.

A "civil conspiracy" is an agreement or understanding between two persons to do an unlawful act, or to use unlawful means to do an act which is lawful, *Rosen v. Alside, Inc.,* 248 S.W.2d 638, 643 (Mo.1952), and here plaintiff adequately alleged the necessary, ultimate facts in conventional terms. *Seegers v. Marx & Haas Clothing,* 334 Mo. 632, 66 S.W.2d 526, 528 (1933).

The judgment is reversed and cause remanded for further proceedings consistent with the views here expressed.

All concur.