21 N.J. Super. 172 (1952)
91 A.2d 101
ROTHMAN REALTY CORP., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
RAY V. MacLAIN AND ARTHUR WARREN MACK, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued July 14, 1952.
Decided August 25, 1952.
*173 Before Judges SMALLEY, PROCTOR and HANEMAN.
Mr. Warren Dixon, Jr., argued the cause for appellant.
Mr. Abram A. Lebson argued the cause for the respondents (Mr. Stanley W. Bradley, on the brief).
The opinion of the court was delivered by HANEMAN, J.S.C.
The facts and the law in this matter are aptly and ably set forth in the opinion of the learned judge below, (Rothman Realty Corp. v. MacLain, 16 N.J. Super. 280 (Ch. 1951)).
*174 In addition to that which was stated in said opinion, it is to be noted that  "A promise may be a sufficient consideration for a promise. It is then the promise, and not the performance thereof, that constitutes the consideration, except where, by the terms or necessary intendment of an agreement, performance on the one side is made a condition precedent to performance on the other. U. & G. Rubber Mfg. Co. v. Conard, 80 N.J.L. 286 (E. & A. 1910); Corn Exchange, &c.v. Taubel, 113 N.J.L. 605 (E. & A. 1934)."
The test was set forth in Kinney v. Federal Laundry Co., 75 N.J.L. 497 (E. & A. 1907), in the following phraseology:
"In construing contracts containing mutual promises, where the time for the performance of the promise by one party is to arrive, or may arrive, before the time for the performance of the promise by the other, the latter promise is held to be an independent obligation, the non-performance of which raises a cause of action merely, and does not constitute a bar to the right of the party making it to recover for a breach of the promise made to him. 9 Cyc. 643; Benj. Sales, sec. 738. And this rule of construction prevails as fully where the promise is to pay money as where it is to do some other thing. Front Street, &c., Railway Co. v. Butler, 50 Cal. 574; American Emigrant Co. v. Adams County, 100 U.S. 61, 25 L.Ed. 563."
In Magliaro v. Modern Homes, Inc., 115 N.J.L. 151 (E. & A. 1935), the court said as follows:
"But a breach of an independent covenant, while it places in the hands of the party against whom the breach runs a right of action thereon, does not, necessarily, make for a breach or abandonment of the entire contract on the part of the other party thereto."
The underlying test is the intention of the parties, and if they sufficiently express an intention to make the literal fulfillment of such a thing a condition precedent, such an intention will be effectuated. Corn Exchange, &c. Phila. v. Taubel, supra.
Non-performance of an independent obligation gives rise to a cause of action merely, and does not constitute a bar to the right of the party making it to recover for the breach *175 made to him. Kinney v. Federal Laundry Co., supra; Sarco Co. v. Gulliver, 3 N.J. Misc. R. 641 (Ch. 1925).
The above alleged breaches by the plaintiff in failing to pay the balance of commissions allegedly due the defendants, and by the defendants failing to comply with the restrictive covenant, are not breaches of interdependent covenants, but are breaches of independent covenants of their agreement. The breach by the defendants would therefore not relieve the plaintiff from a compliance with the terms of its contract, and it is therefore obligated to pay to the defendants the balance of the commissions as found due.
The judgment appealed from will therefore be affirmed.