Frank S. PARKER, Jr. (Plaintiff),
Respondent,

v.

SCHOOL DISTRICT OF VALLEY PARK
(Defendant), Appellant.

No. 30216.

St. Louis Court of Appeals.

Missouri.

July 21, 1959.

Schurr & Inman, St. Louis, for appellant.

William R. Kirby, St. Louis, for respondent.

JAMES D. CLEMENS, Special Commissioner.

The plaintiff had a verdict and judgment for the unpaid salary installments of his teacher's contract. The school district appeals, claiming that plaintiff had voluntarily abandoned his contract before the end of the school year.

Plaintiff's evidence: By written contract the school district employed Parker to teach its music classes for the 1956–57 school year at Valley Park School. During the fall semester the district's superintendent, Mr. Knight, was critical of Parker's failure to keep discipline, and on the last school day before the Christmas holi-

days he told Parker his services would not be needed after the holidays. Parker protested and said he would be back to teach. Superintendent Knight told Parker there would be no classes for him to teach, told him to turn in the keys to his two classrooms, and to pick up his teacher's certificate and transcript of credits from the office. Parker complied. During the holidays Parker saw a lawyer about his problem, and came back to the school when classes resumed in January. By then, Mr. Knight had changed the schedule and there were no music classes to be taught. For severals days Parker continued to keep regular hours at school and offered to resume teaching, but finally was ordered by Mr. Knight and by the district's president to leave the school premises. Again Parker complied. Parker had been paid for the first three months of the school year, and brought this suit to recover the unpaid installments.

The school district raises a lone issue on this appeal: that the trial court should have directed a verdict for the district.

Both parties agree that a school district has no authority to dismiss a teacher. Section 163.100 RSMo 1949, V.A.M.S. The district therefore contends that Mr. Knight's purported discharge of Parker was ultra vires, and hence Parker's turning in his keys and picking up his certificates were voluntary acts constituting, as a matter of law, an abandonment of his contract. Parker does not dispute the premise of that argument. He does militantly refute its conclusion, contending that the question of abandonment was one of fact for the jury, and not one of law for the court.

The district relies on Frazier v. School District, 24 Mo.App. 250, and Wood v. Consolidated School District No. 13, Mo. App., 7 S.W.2d 1018, 1020. In the Frazier case, the district attempted illegally to discharge a country school teacher. After receiving such notice of his dismissal the teacher nonetheless opened school. Then, after teaching a few hours, he dismissed school, locked up, turned in his key, and drew his pay to date, all without protest or offer to resume teaching. He later sued for the rest of his year's salary. Tried without a jury the lower court found for the district. On appeal it was said: "We can not see how, under the facts of this case and the law arising thereon, the trial court could take any other view of his conduct than to regard it as a voluntary abandonment of his contract." 24 Mo. App. loc. cit. 255. We do not think the Frazier case supports the school district's contention here that Parker's conduct amounted to an abandonment *as a matter of law*. In the Wood case, the plaintiff contracted to teach, but upon failing to file a transcript of his college credits, he was told by the district's president he would not be paid until he did so, and later was told to leave. The superintendent tried to get Wood to file a proper transcript and remain. Wood said "'No; I am quitting',", and then returned to college. Upon appeal after a directed verdict for the teacher, the court of appeals held that a school district may not discharge a teacher, held that an attempt to do so is ultra vires, and held that if a teacher voluntarily quits on account of such action, he may not recover. The court went on to say that the teacher could recover if the district *prevented* him from performing his contract and he did not quit *voluntarily*, and that these were questions of fact for the jury.

We do not think that either the Frazier or the Wood case supports the school district's contention that Parker's acts of surrendering the keys and picking up his certificates necessarily constituted a voluntary abandonment of his contract as a matter of law.

It is fundamental that an intent to be bound is necessary to the formation of a contract. It follows that an intent to release one's rights under a contract is necessary to constitute a voluntary abandonment thereof. As stated in 17 C.J.S. Contracts § 412, p. 899: "Rights acquired under a contract may be abandoned or relinquished by agreement, conduct, or by a contract clearly indicating such purpose. To constitute an abandonment of rights, an actual intent to abandon must exist * * *." Such intent may be inferred from the conduct of the parties. Chouteau v. Jupiter Iron Works, 94 Mo. 388, 7 S.W. 467; Avellone v. John Weisert Tobacco Co., Mo.App., 213 S.W.2d 222(7).

The question of intention is rarely capable of positive proof, but is arrived at by logical deductions from proven acts, and this is a jury function. Edie v. Coleman, 235 Mo.App. 1289, 141 S.W.2d 238 (11, 12). As said in Willey v. Fyrogas Co., 363 Mo. 406, 251 S.W.2d 635, 642: "neither may the jury be deprived of its power and function of reasoning upon the evidence and drawing inferenecs, * * * the weight and credibility of the evidence, and ultimately its meaning, are necessarily for the jury's consideration and determination." Parker's acts could have indicated an intent by him to abandon his contract, or they could have been no more than acts of obedience to Mr. Knight's orders, without any such intent. It was for the jury to say.

Accordingly, we hold that it would have been improper for the trial court to have declared as a matter of law that Parker had abandoned his teacher's contract. That was an issue of fact for the jury's determination.

The Special Commissioner recommends that the judgment be affirmed.

PER CURIAM.

The foregoing opinion of CLEMENS, Special Commissioner, is adopted as the opinion of the court.

The judgment of the circuit court is accordingly affirmed.

WOLFE, P. J., and ANDERSON, J., concur.

RUDDY, J., not sitting.