**Kenneth FISCHER, Plaintiff-Respondent,**

v.

**NATIONAL INDUSTRIAL SERVICES, INC., Defendant-Appellant.**

No. 52031.

Missouri Court of Appeals, Eastern District, Division Four.

June 30, 1987.

Motion for Rehearing and/or Transfer Denied July 30, 1987.

Application to Transfer Denied Sept. 15, 1987.

Alan B. Hoffman, St. Louis, for defendant-appellant.

Alan E. Popkin, Clayton, for plaintiff-respondent.

STEPHAN, Judge.

Plaintiff Kenneth Fischer sued his former employer, defendant National Industrial Services, Inc., alleging defendant breached its agreement to employ him as its vice president when it discharged him without cause and denied him salary, bonus, and equity participation payments to which he had become entitled. Defendant appeals from a trial court order that granted plaintiff summary judgment on Count II of the four-count petition. Count II alleges defendant failed to pay plaintiff the full amount of the bonus he earned for defendant's fiscal year 1984. We find summary judgment was appropriate and affirm the trial court's order.

The facts upon which the trial court relied when it granted plaintiff's motion are undisputed. Plaintiff had an employment agreement with defendant which obligated defendant to pay plaintiff a bonus equal to ten percent of its pre-tax, pre-bonus net profit for the fiscal year, which ended on April 30. By the agreement's terms, payment was due within 75 days following the close of each fiscal year. At the end of fiscal year 1984 defendant's accountants determined the bonus due plaintiff was $87,815.00. Defendant paid plaintiff $10,-000.00 of this bonus but has refused to pay the balance. Defendant discharged plaintiff from its employ on October 21, 1985, five months and 21 days after the close of fiscal year 1984. Within one year of his discharge plaintiff formed a business concern which competes directly with defendant.

Summary judgment is appropriate when no material fact is genuinely at issue,

and one of the parties is entitled to judgment as a matter of law. Rule 74.04(c). The trial court in this case determined the undisputed facts established plaintiff's right to the fiscal year 1984 bonus. In its single point on appeal, however, defendant insists that certain facts that remain in dispute are material to the issue of plaintiff's right to the bonus and that summary judgment was therefore inappropriate. Specifically, defendant claims that whether plaintiff violated a covenant not to compete with defendant for one year after leaving defendant's employ is a triable issue that bears materially on whether defendant must pay plaintiff the bonus he seeks. Defendant asserts its promise to pay plaintiff the bonus and plaintiff's promise not to compete are interdependent covenants under the employment agreement, so that plaintiff's breach of the latter would excuse defendant's performance of the former. We disagree.

By the terms of the employment agreement, defendant's duty to pay plaintiff the bonus in question arose at the close of defendant's 1984 fiscal year. Plaintiff's duty not to compete with defendant, on the other hand, arose, if at all[1], several months later. To assert these duties are interdependent, or that the employment agreement is entire as opposed to divisible, is to suggest the parties intended that defendant's duty to pay plaintiff yearly bonuses remained contingent until one year following severance of the employment relation. The suggestion offends logic as well as the clear terms of the provisions relating to the time for payment of the bonus. Plaintiff's right to the bonus attached at the conclusion of the 1984 fiscal year; whether plaintiff had fulfilled his covenant not to compete could not be determined if at all, until one year after his dismissal by defendant on October 21, 1985.

Whether a contract is entire or divisible is primarily a question of intention which is to be determined from the language the parties have used and the subject matter of the agreement. *Swinney v. Continental Bldg. Co.*, 340 Mo. 611, 102 S.W.2d 111, 120 (1937). A contract is entire if a party's duty to perform each of his promises is dependent upon the other party's performance of each of his. See, *Knapp v. Strauss*, 227 Mo.App. 822, 58 S.W.2d 805, 808 (1933). On the other hand, if a contract embraces distinct promises that admit of being separately executed, the contract is divisible. *Id.* Where, as in this case, the time for the performance of one party's promise arrives before the time for performance of the other party's promise, the promises are certainly independent obligations. *Rothman Realty Corp. v. MacLain et al.*, 21 N.J.Super 172, 91 A2d 101, 102 (1952). Thus, breach of one does not excuse performance of the other, though it may give rise to a cause of action. *Id.* Accordingly, we conclude plaintiff's alleged breach of the non-competition provision is not material to whether plaintiff is entitled to his bonus.[2]

Defendant alternatively asserts, however, that whether plaintiff waived his right to demand the bonus in question by remaining in defendant's employ after the bonus was due remains a genuine issue of material fact. We reject this argument summarily.

---

1. This remains an open issue and is the subject of defendant's counterclaim. We recognize that there are substantial questions of fact and law relating to the validity as well as the very existence of the covenant as a part of the employment contract. Such matters are likely to be the subject of future litigation, and this opinion is not to be taken as any expression of views on those issues.

2. To be appealable, an order or judgment must be final. § 512.020, RSMo 1978. The requirement of finality is jurisdictional and cannot be waived. Greening v. Klamen, 683 S.W.2d 298 (Mo.App.1984). Plaintiff did not address the finality issue. Nevertheless, we considered it sua sponte to determine whether the merits of this appeal were properly before us.

We have determined that plaintiff's claim for the 1984 fiscal year bonus does not in any way depend for its proper resolution upon the disposition of defendant's counterclaim for damages for breach of the covenant not to compete. We observe that plaintiff's claim for the bonus is also independent of and unrelated to the other claims pending before the trial court.

Rule 81.06 provides in part that "when a separate trial is had before the court without a jury of an entirely separate and independent claim unrelated to any other claim stated or joined in the case, then the judgment entered shall be deemed a final judgment for purposes of appeal

When a motion for summary judgment is supported by affidavit, as plaintiff's was in this case, an adverse party cannot rely solely upon his pleadings or argue that he has evidence for trial that will disclose issues of fact; rather, the adverse party must come forward with affidavits, depositions, or other evidence showing that a genuine issue of material fact exists. *Hurwitz v. Kohn*, 516 S.W.2d 33, 36 (Mo.App. 1974). To raise the issue of whether plaintiff waived or abandoned his right to a bonus, defendant was required to come forward with some evidence of actual intent to abandon or waive. See *Parker v. School District of Valley Park*, 325 S.W.2d 59, 61 (Mo.App.1959). Defendant, however, offers only the fact that plaintiff failed to quit when the bonus became overdue. The fact alone is insufficient to raise the issue of waiver. Defendant's point is denied.

The judgment is affirmed.

GARY M. GAERTNER, P.J., and SIMON, J., concur.

within the meaning of § 512.020, RSMo, unless the court orders it entered as an interlocutory judgment to be held in abeyance until other claims, counterclaims, or third-party claims are determined." Because plaintiff's right to the 1984 fiscal year bonus can in no way be affected

by the outcome or final disposition of the other issues in the case, and because the trial court has not designated its order interlocutory, we conclude the finality requirement has been satisfied.