**PIPEFITTERS HEALTH & WELFARE TRUST, et al., Plaintiffs–Respondents,**

v.

**WALDO R., INC., et al., Defendants–Appellants,**

v.

**Patrick J. HICKEY, et al., Cross Claim Defendants–Respondents.**

No. 53566.

Missouri Court of Appeals, Eastern District, Division Two.

Nov. 15, 1988.

---

John W. Ellinger, Jefferson City, for defendants-appellants.

John H. Goffstein, Clayton, for plaintiffs-respondents.

PUDLOWSKI, Chief Judge.

This action arises from lengthy litigation in both the federal and state courts. Respondents, Pipefitters Health & Welfare Trust (Pipefitters), originally brought an action in federal court against appellants, Waldo R., Inc., R. Waldo, Inc., and Russell Waldo individually, under the Employee Retirement Income Security Act of 1974, 29 U.S.C. Sections 1132 and 1145 (ERISA) and Section 301 of the Labor Management Relations Act, 29 U.S.C. Section 185(a). On February 13, 1986, and while the federal case was under advisement, Pipefitters filed a notice of lis pendens with the Recorder of Deeds of Jefferson County, Missouri. The lis pendens was placed on property bought by Russell and Shirley Waldo in December of 1983 from R. Waldo, Inc.

Due to inadvertence, the transaction remained unrecorded until August 28, 1985. The notice of lis pendens prevented Mr. and Mrs. Waldo from closing a sale of the property on June 24, 1986. On September 4, 1986, Pipefitters instituted an action in the Circuit Court of Jefferson County, Missouri to set aside the 1983 conveyance of the property as fraudulent. The original lis pendens was removed and another lis pendens filed in connection with this suit. Appellants counterclaimed alleging abuse of process and jactitation[1] in the first filing of lis pendens. Respondent's fraudulent conveyance claim was dismissed without prejudice on November 20, 1986. Appellants then joined the officers and members of Pipefitters Local Union No. 562, AFL-CIO, alleging Abuse of Process and Slander of Title (Jactitation). Respondents filed a Motion for Summary Judgment supported by affidavits. This motion was granted on July 14, 1987. On the same date, the U.S. District Court for the Eastern District of Missouri entered a judgment in favor of the appellants on the federal claims. Appellants motion to set aside the grant of summary judgment by the circuit court was denied. Appellants appealed from that grant of summary judgment.

In considering a motion for summary judgment, the trial and appellate court must scrutinize the record in the light most favorable to the party against whom the motion for summary judgment is sought and must accord to that party the benefit of every doubt. *White v. American Republic Ins.*, 726 S.W.2d 357 (Mo.App.1987). When a motion for summary judgment is supported by affidavit, a party resisting the motion cannot rely solely upon his pleadings or argue that evidence presented at trial will disclose material issues of fact. Rather, the resisting party must come forward with affidavits, depositions or other

evidence demonstrating a genuine issue of material fact. *Fischer v. National Industrial Services, Inc.*, 735 S.W.2d 114, 116 (Mo.App.1987). Affidavits and accompanying materials filed in support of a motion for summary judgment which are not denied, stand admitted. *Zaft v. Eli Lilly & Co.*, 676 S.W.2d 241, 243 (Mo.banc 1984). Summary judgment is appropriate only when no theory within the scope of the pleadings, depositions, admissions and affidavits filed would permit recovery and the moving party is entitled to judgment as a matter of law. *Zaft* at 244.

Appellants claim that the respondents filing of lis pendens in connection with a federal ERISA suit was an abuse of process and was slanderous to their title in the real estate. The circuit court granted summary judgment against appellants. We agree with the circuit court and affirm.

The circuit court properly granted summary judgment for respondents on appellants' abuse of process counterclaim.

One commits abuse of process when he uses legal process in a technically correct manner but for a wrongful and malicious purpose to attain an unjustifiable end or an object which the particular process is not meant to effectuate. *Montgomery GMC Trucks, Inc. v. Nunn*, 657 S.W.2d 334, 336 (Mo.App.1983). The elements of abuse of process are: (1) an illegal and unauthorized use of process; (2) an ulterior motive for the use of such process; and (3) resulting damages. *Wessler v. Wessler*, 610 S.W.2d 650, 651 (Mo.App.1980). It must be shown that process has been used to accomplish an unlawful end or to compel the defendant to do something which he could not be compelled to do legally. No liability attaches where a party has done nothing more than pursue the lawsuit to its authorized conclusion regardless of how

**1.** Appellants' counterclaim is "in jactition" [sic]; Black's Law Dictionary defines "jactitation" as:
The species of defamation or disparagement of another's title to real estate known at common law as "slander of title" comes under the head of jactitation, and in some jurisdictions (as in Louisiana) a remedy for this injury is provided under the name of an "action of jactitation."

Black's Law Dictionary 748 (rev. 5th ed. 1979). The allegations and arguments presented by the appellants clearly demonstrate their intention to bring an action for slander of title. The court will so treat appellants' claim. An "action of jactitation" is foreign to Missouri law. *See* 53 C.J.S. Libel and Slander Section 280 (1948).

evil a motive he possessed at the time. *Wessler* at 651.

█ Appellants claim respondents filing of lis pendens in connection with the Federal ERISA action was an abuse of process because the real estate was held in tenancy by the entirety and thus could not be reached by respondents in an action against only Mr. Waldo and the corporation.

The filing of lis pendens provides record notice to potential purchasers of a pending suit which may affect the title to property. Its purpose is to preserve rights pending the outcome of litigation. The statute provides:

> In any civil action, based on any equitable right, claim or lien, affecting or designed to affect real estate, the plaintiff shall file for record, with the recorder of deeds of the county in which any such real estate is situated, a written notice of the pendency of the suit, stating the names of the parties, the style of the action and the term of the court to which such suit is brought, and a description of the real estate liable to be affected thereby; and the pendency of such suit shall be constructive notice to purchasers or encumbrancers, only from the time of filing such notice....

527.260 RSMo (1986). The ERISA statute is designed to protect employee benefit plans, to provide security for employees and their dependents, to ensure the stability of employment and to encourage the successful development of industrial relations. 29 U.S.C.A. Section 1001(a) (1985). Pipefitters instituted the ERISA action under 28 U.S.C. 1145, alleging Waldo R., Inc. and Russell Waldo, individually, were liable for wages and benefits due under collective bargaining agreements. At first blush, an ERISA action may not appear to be an equitable right, claim or lien affecting or designed to affect real estate. However, 29 U.S.C. Section 1132 provides:

> A civil action may be brought ... by a participant ... (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provision of this subchapter or the terms of the plan.

29 U.S.C.A. Section 1132(a)(3) (1985). The same section enumerates the relief available.

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan—
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of—
> (i) interest on the unpaid contributions, or
> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A).
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2) (1985). Thus ERISA, via Section 1132(g)(2)(E), gives the federal court remedial equitable powers. Pipefitters, in their federal ERISA claim, sought, *inter alia*, to establish that the conveyance between the R. Waldo Corporation and the Waldos was fraudulent, and to have United States District Court for the Eastern District of Missouri declare the corporation the owner of the property. They alleged a tenancy by entirety was never legally created. Missouri courts have in equity set aside fraudulent conveyances which purport to convey a tenancy by the entirety. *Bank of New Cambria v. Briggs*, 361 Mo. 723, 236 S.W.2d 289 (1951). Thus, the particular claim in the ERISA action was one based on equitable right, claim or lien affecting real estate. Respondents, in filing a lis pendens, were employing a legal procedure to effectuate the end contemplated by the process. They were

warning all persons that title to the real estate filed against was in danger of being bound by an adverse judgment in a pending suit. The use was legal and authorized by statute. 527.260 RSMo (1986). No abuse of process occurred and summary judgment was proper.

 Similar reasoning disposes of appellants' counterclaim for slander of title. One who files a notice of lis pendens is absolutely privileged and immune from liability for slander of title as long as the notice has a reasonable relation to the action filed. *Sharpton v. Lofton,* 721 S.W.2d 770, 777 (Mo.App.1986); *Houska v. Frederick,* 447 S.W.2d 514, 519 (Mo.1969). In *Barnard v. Barnard,* 568 S.W.2d 567 (Mo. App.1978), the court ruled a notice of lis pendens filed in connection with a suit to set aside conveyances in fraud of creditors rights did not constitute slander of title. The court stated, "Equally without merit is defendant's count for alleged slander of title. In filing her suit for fraudulent conveyances, plaintiff was authorized and mandated under Section 527.260, RSMo 1969, to file a lis pendens against real estate which was liable to be affected by her equitable suit." *Barnard,* 568 S.W.2d at 571.

As previously stated, respondents sought to have the United States District Court for the Eastern District of Missouri utilize the equitable powers of ERISA to set aside the conveyance of the land. The notice of lis pendens bore a reasonable relation to the action filed. Therefore, it was absolutely privileged and respondents are immune from liability for slander of title. Summary judgment is proper.

The judgment of the trial court granting summary judgment for respondents on appellant's counterclaims is affirmed.

GRIMM, P.J., and KAROHL, J., concur.

